IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MALLORY R. WARREN,           )
                             )
        Plaintiff,           )
                             )
    v.                       )   CV 309-046
                             )
WHEELER CORRECTIONAL FACILITY)
MEDICAL CENTER,              )
                             )
        Defendant.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the WCF Medical Center as Defendant. (Doc. no. 1). Plaintiff alleges that on February 3, 2009, he was transferred from Coastal State Prison ("CSP") to WCF. (Id. at 5).

Plaintiff explains that for the previous two years, while at CSP, he had been prescribed Benadryl and cream to treat a rash that "comes and goes." (Id.). Once he was transferred to WCF and his prescriptions ran out, he maintains that his rash returned, yet "medical" would not refill his prescription because the prescription was not issued from WCF. (Id.). Instead, "medical" provided Plaintiff with "some cream that doesn't even work." (Id.). Plaintiff states that he "continued to complain and complain [until he was] tired of complaining," that the cream provided was not effective against his rash. (Id.).

Plaintiff provides that he presented the facts relating to his complaint to the appropriate grievance committee. He notes that thirty days prior to filing his complaint, he addressed with "the Grievance Official," that he had not received a response to the confidential grievance he had filed. (Id. at 3). The "Grievance Official" notified Plaintiff that she would send the confidential grievance to Atlanta. (Id.). Plaintiff further provides that as of the date of filing the above-captioned complaint, he had not received a response from his appeal. (Id. at 4).

## II. DISCUSSION

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement,

2

even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), cert. denied, 548 U.S. 925 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Here, Plaintiff admits that he has failed to complete the exhaustion process prior to filing suit. Plaintiff asserts that, as of the date he filed the above-captioned complaint, he had not received an answer to his appeal concerning his formal grievance. (Doc. no. 1, p. 4, ¶ 3).

The administrative grievance process is governed by SOP IIB05-0001. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the

3

administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

First, it should be pointed out that the PLRA does not allow Plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or]

effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156. Plaintiff stated that thirty-days prior to filing this suit, he spoke to the grievance coordinator about a formal grievance he had submitted, but for which he had not yet received a response. According to Plaintiff, the grievance coordinator told Plaintiff that she would forward his formal grievance to the Office of the Commissioner. Even presuming the grievance counselor forwarded the grievance on the date Plaintiff spoke to her, and that this comported with the Department of Correction's procedures for appealing a grievance, the Office of the Commissioner would still have had sixty days in which to respond to Plaintiff's "appeal." Thus, in light of Plaintiff's admission that he had not yet received a response concerning his appeal and the fact that the time for the Office of the Commissioner to address his appeal had not yet expired, he failed to properly exhaust administrative remedies, and the instant complaint should be dismissed without prejudice.[1]

---

[1] The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, Civil Case No. 06-16322 (11th Cir. Jan. 8, 2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE